IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAXELL I. RODRIGUEZ-BAUTISTA,** : | |
| *Petitioner,* : | |
| : | |
| v. : | CIVIL NO. 25-7411 |
| : | |
| **WARDEN, PHILADELPHIA FDC et al.,** : | |
| *Respondents.* : | |
| : | |

**Scott, J.**                                                                                                    February 5, 2026

## MEMORANDUM

Petitioner Jaxell Isacc Rodriguez-Bautista filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release alongside other forms of relief. ECF No. 1 at 14–15 [hereinafter Pet.]. Rodriguez-Bautista that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process Rights and the Immigration and Nationality Act ("INA"). *Id.* ¶ 34.

Rodriguez-Bautista is a twenty-five-year-old noncitizen from Nicaragua who applied for asylum on May 17, 2023. *Id.* ¶ 33. He entered the United States in May 2022, and he has remained in the United States ever since while living with his mother, his mother's partner, and his girlfriend in Philadelphia. *Id.* On December 26, 2025—more than two-and-a-half years after Rodriguez-Bautista entered the country—ICE detained him during a regular check-in without explanation and without notice. *Id.* ¶ 34.

According to the government, Rodriguez-Bautista is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Rodriguez-Bautista disagrees with the government's interpretation, instead arguing that the relevant statutory framework is that of § 1226(a).  Pet. ¶ 21–28.

The government argues, unconvincingly, that Rodriguez-Bautista falls under § 1225(a)(1) because he is, on the government's view, an "applicant for admission."  ECF No. 10 at 10 [hereinafter Government's Resp.].  As the government effectively concedes in its brief, *Id.* at 3 n.1, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases).  Moreover, Rodriguez-Bautista has been in the United States for more than two-and-a-half years, which strains credulity to consider him an "applicant for admission" as the government insists.  *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.").  Accordingly, the Court rejects the government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025), and *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025), this Court holds that Rodriguez-Bautista's detention violates the INA.[1] *See also, e.g.*, *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

---

[1] In addition, the government argues that this Court lacks jurisdiction to address Rodriguez-Bautista's claims. Government's Resp. at 5–10.  The Court again adopts the reasoning in *Kashranov* and *Demirel* and the litany of similar cases to reject the government's jurisdiction argument.

This Court therefore grants Rodriguez-Bautista's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Rodriguez-Bautista is a harm to the community nor a flight risk. Moreover, ICE is enjoined from detaining Rodriguez-Bautista under 8 U.S.C. § 1226(a) for seven days following his release.

An appropriate order will be entered separately.